IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CARLUS PAGE**                                                                             **PLAINTIFF**

**v.**                                                  **CIVIL ACTION NO.** 3:19-cv-451HSO-JCG

**CITY OF LUMBERTON, MISSISSIPPI;**
**MAYOR QUINCY ROGERS, INDIVIDUALLY;**
**ALDERWOMAN TINA SPEIGHTS, INDIVIDUALLY;**
**ALDERMAN JOHNNY BUCKLEY, INDIVIDUALLY;**
**ALDERWOMAN SUSAN CRITTENDEN, INDIVIDUALLY;**
**ALDERMAN JONATHAN GRIFFITH, INDIVIDUALLY; AND**
**ALDERWOMAN AUDREY DAVIS, INDIVIDUALLY**            **DEFENDANTS**

**COMPLAINT**
**JURY TRIAL DEMANDED**

      **COMES NOW** the Plaintiff, Carlus Page, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of his rights under Title VII of the Civil Rights of 1964 and Mississippi common law. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

      1.     Plaintiff, Carlus Page, is an adult male who resides in Harrison County, Mississippi.

      2.     Defendant, City of Lumberton, Mississippi, may be served with process through the City Clerk, Merlene Wall, 102 E Main Ave, Lumberton, MS 39455.

      3.     Defendant, Mayor Quincy Rogers, Individually, may be served with process at the Lumberton City Hall, 102 E Main Ave, Lumberton, MS 39455.

      4.     Defendant, Alderwoman Tina Speights, Individually, may be served with process at the Lumberton City Hall, 102 E Main Ave, Lumberton, MS 39455.

      5.     Defendant, Alderman Johnny Buckley, may be served with process

at the Lumberton City Hall, 102 E Main Ave, Lumberton, MS 39455.

6. Defendant, Alderwoman Susan Crittenden, may be served with process at the Lumberton City Hall, 102 E Main Ave, Lumberton, MS 39455.

7. Defendant, Alderman Jonathan Griffith, may be served with process at the Lumberton City Hall, 102 E Main Ave, Lumberton, MS 39455.

8. Defendant, Alderwoman Audrey Davis, may be served with process at the Lumberton City Hall, 102 E Main Ave, Lumberton, MS 39455.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction and venue is proper in this court.

10. Plaintiff timely filed a Charge of Discrimination with the EEOC for Religious Discrimination and Retaliation on November 8, 2018, a true and correct copy of which is attached as Exhibit "A." On March 29, 2019, the EEOC issued a Notice of Right to Sue, a true and correct copy of which is attached as Exhibit "B".

## STATEMENT OF FACTS

11. Plaintiff is an adult male who resides in Harrison County, Mississippi.

12. Plaintiff was originally hired by the City of Lumberton, Mississippi, as a part-time Police Officer on April 1, 2013.

14. From the time Plaintiff was originally hired on as a Police Officer by the City of Lumberton, Plaintiff made it known that he wanted to prioritize Sunday as a day that he devoted to worship and time spent practicing his Christian faith.

15. Plaintiff, therefore, requested religious accommodation to be off on Sundays.

16. In August 2014, Plaintiff became the pastor of New Heights Church of

Christ, in Biloxi.

17. Plaintiff has continued in this capacity up to the present time.

18. While Plaintiff worked as a part-time police officer, the Lumberton Police Department accommodated Mr. Page's request and allowed him to be off on Sundays in compliance with his religious accommodation.

19. In April 2013, the Chief of Police, Elsie Cowart, approved Plaintiff's request for accommodation and Lieutenant Shane Flynt was in charge of scheduling.

20. In February 2015, Chief Cowart asked Plaintiff to move up to full time on the Lumberton Police force.

21. Plaintiff agreed with the understanding that he could continue receiving the same accommodation (i.e., not working on Sundays) and Chief Cowart agreed.

22. Shortly thereafter, Chief Cowart informed Plaintiff that some officers were complaining to the City Board of Aldermen about Plaintiff's schedule (i.e., not working on Sundays).

23. Chief Cowart stated for Plaintiff not to be concerned; however, because technically the Board had no authority over day to day operations and scheduling of the police officers.

24. Then in July 2015, for personal reasons, Plaintiff resigned from the Lumberton Police Department.

25. In December 2017, former Lieutenant, now Chief of Police Shane Flynt contacted Plaintiff and asked him to come back to work at the Lumberton Police Department.

26. Plaintiff agreed to come back part-time, with the understanding that he

would still receive the same accommodation he had previously, (i.e., not working on Sundays).

27. Chief Flynt asked Plaintiff if he would be able to work Sunday evenings on rare occasions when the need was dire.

28. Plaintiff agreed to this with the caveat that his accommodation would still generally be in place and it was understood that his role and responsibilities as a preacher took priority over his role as a police officer on Sundays.

29. Chief Flynt agreed to this accommodation.

30. In February 2018, Chief Flynt came under scrutiny when a video of him smoking marijuana surfaced, and he subsequently resigned as Chief in March 2018.

31. The same week Chief Flynt turned in his resignation, the city posted the job opening.

32. The Defendant, City of Lumberton, assigned Sargent Phillipe Ducksworth as Interim Police Chief.

33. Plaintiff discussed with Interim Police Chief Ducksworth if he was interested in the position and he told Plaintiff that he was not and that he thought Plaintiff should go for it. He also told Plaintiff that everyone liked him and he thought he would do a great job.

34. Plaintiff was encouraged by fellow police officers within the department to consider becoming the new Chief and he discussed this issue with two members of the City Board, Alderwoman Tina Speights and Alderwoman Audrey Davis.

35. Plaintiff told them both that he could only take the job if they would accommodate him by allowing him not to work on Sundays and allow him to have a City of Lumberton Police patrol car to use for his commute to and from work.

36. Alderwoman Speights and Alderwoman Davis stated that this accommodation would not be a problem and that Plaintiff's schedule would be Monday through Friday.

37. The next week, Plaintiff applied for the position.

38. A few days later, Plaintiff met with City Board member Alderman Jonathan Griffith.

39. Plaintiff told Alderman Griffith about his need to be off on Sundays in the context of his role as a Pastor of New Heights Church of Christ in Biloxi.

40. Alderman Griffith responded favorably to the plan of bringing Page on as the new Chief with his requested religious accommodations.

41. On April 9, 2018, prior to the City Board meeting where Plaintiff was voted in as the new Chief, Plaintiff met with Alderwoman Susan Crittenden.

42. After the City Board meeting on April 9, 2018, Plaintiff was sworn in as Police Chief.

43. On April 11, 2018, Plaintiff began his new position as Chief of Police.

44. Like the other members of the Board, Plaintiff told Crittenden about his role as a Pastor of a church in Biloxi and his need for accommodation, (i.e., not working on Sundays).

45. Plaintiff also informed Mayor Quincy Rogers of his need for accommodation.

46. Mayor Rogers had been on the City Board of Aldermen when Plaintiff was previously employed by the Lumberton Police Department and was aware of Plaintiff's accommodation.

47. Mayor Rogers was already aware that Plaintiff was a Pastor and needed to be off duty on Sundays.

48. At the time of Plaintiff being voted in as Chief, the Mayor and all the Members of the City Board were aware of Plaintiff's request for accommodation to be off on Sundays and all were in agreement with it.

49. A month after Plaintiff assumed his role of Chief of Police in Lumberton, one of the Alderman, Jonathan Griffith, began posting negative statements about Plaintiff on Facebook.

50. At one point, in reference to his role as a Pastor, Alderman Griffith posted that while Page was "Pastor of New Heights Church of Christ, he was taking the City of Lumberton to new lows."

51. In early June, Plaintiff asked Alderman Griffith to stop posting negative statements about him on Facebook, but Alderman Griffith continued trying to cause trouble for Plaintiff.

52. By June 2018, Alderman Griffith was attempting to persuade the other Board Members to vote for Plaintiff to be demoted to the position of Patrolman.

53. The other Board Members, however, were unwilling to vote with Alderman Griffith.

54. A week after that, August 17 – 20, 2018, Plaintiff was out for a few days because he was sick.

55. On August 20, 2018, a Special Call of the Mayor and Board of Alderman was held.

56. At this meeting, the Mayor and Board of Alderman went into Executive Session to discuss personnel regarding the Police Department. It was a unanimous vote

to reclassify Plaintiff from Chief of Police to a part-time Patrol Officer effective August 20, 2018, at a salary of $12.50 per hour for 32 hours a week and return the city vehicle immediately upon arrival for duty.

57. Plaintiff's new pay rate went from $31,000 a year being Chief of Police, to $12.50 per hour based on a 32 hour week as a part-time Patrol Officer.

58. Also, during the Executive Session, by unanimous vote, Officer Larry Allen was voted in as Interim Chief of Police at a salary of $31,000 per year.

59. On August 21, 2018, the day after Plaintiff was demoted, Plaintiff attempted to contact each Alderperson. Alderman Buckley was the only one who answered Plaintiff's call.

60. Alderman Johnny Buckley apologized to Plaintiff saying, "You know how three of them are on the Board, and I didn't want to make any enemies, so I voted along with them. I liked everything you were doing as the Chief."

61. Alderman Buckley told Plaintiff he would vote to reinstate Plaintiff as Police Chief if the others would.

62. When Plaintiff found out about the demotion, Plaintiff intended to begin working the position and challenge the demotion.

63. Plaintiff contacted the Mayor to find out about his new schedule.

64. Although Plaintiff's scheduling issues had been previously discussed with Mayor Rogers and the City Board Members, Mayor Rogers now referred Plaintiff to Interim Chief Larry Allen, to find out about his schedule.

65. Chief Allen had delegated the responsibility of scheduling to Captain Daniel Wilcheck.

66. When Plaintiff spoke to Interim Chief Allen, Plaintiff expressed his intention to remain with the Lumberton Police Department and he noted his continued need for religious accommodation, (i.e., no working on Sundays, regarding his scheduling.)

67. Chief Allen responded, "Yes sir, I'm aware of that, and it won't be a problem."

68. However, a week later Plaintiff received a text with his schedule for the month of September 2018, and it had him listed as working every Sunday of the month. A true and correct copy of the schedule is attached as Exhibit "C."

69. Since Plaintiff's religious accommodation (which had been in place since 2013) had been ignored, Plaintiff was left with no choice but to withdraw himself from the position as no reasonable person would have continued to work under the circumstances.

70. Plaintiff asked several times to meet with the City Board Members but was ignored.

71. On August 22, 2108, Plaintiff sent an email to Mayor Rogers requesting to meet with the City Board; however, Plaintiff was denied the request. A true and correct copy of is attached as Exhibit "D."

72. On August 30, 2018, Plaintiff typed up his resignation letter addressing everything that had taken place and why he was being forced to quit. Plaintiff never spoke to anyone else after that. A true and correct copy of is attached as Exhibit "E."

73. As described above, given the City Board Members and Mayor Roger's clear knowledge about Plaintiff's request for religious accommodation (i.e., not to work on Sundays), deliberately scheduling Plaintiff on Sundays was a clear attempt to oust Plaintiff from the department altogether, and a clear example of religious discrimination.

74. Plaintiff's departure from the Lumberton Police Department is also,

therefore, more accurately definable as a constructive discharge.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 – RELIGIOUS DISCRIMINATION – FAILURE TO ACCOMODATE

75. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 75 above as if fully incorporated herein.

76. Plaintiff has been discriminated against in the terms and conditions of his employment on the basis of his religion and Defendant's refusal to accommodate Plaintiff's religion.

77. Plaintiff has suffered an adverse employment action as a result of the Defendant, City of Lumberton's, discriminatory treatment of Plaintiff.

78. Plaintiff has been harmed as a result of the Defendant, City of Lumberton's, discrimination and the Defendant is liable to the Plaintiff for the same.

79. The acts of the Defendant, City of Lumberton, constitute a willful intentional violation of Title VII of the Civil Rights Act of 1964, and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

80. The unlawful actions of the Defendant, City of Lumberton, complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

### COUNT II: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 - RETALIATION

81. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 80 above as if fully incorporated herein.

82. Plaintiff has been retaliated against in the terms and conditions of his

employment because he engaged in protected activity by requesting a religious accommodation.

83. Plaintiff has suffered an adverse employment action as a result of the Defendant, City of Lumberton's, retaliatory treatment of Plaintiff.

84. Plaintiff has been harmed as a result of the Defendant, City of Lumberton's, retaliation, and the Defendant, City of Lumberton, is liable to the Plaintiff for the same.

85. The acts of the Defendant, City of Lumberton, constitute a willful intentional violation of Title VII of the Civil Rights Act of 1964, and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

**COUNT III: TORTIOUS INTERFERENCE AGAINST –
MAYOR QUINCY ROGERS, INDIVIDUALLY; ALDERWOMAN TINA SPEIGHTS, INDIVIDUALLY; ALDERMAN JOHNNY BUCKLEY, INDIVIDUALLY; ALDERWOMAN SUSAN CRITTENDEN, INDIVIDUALLY; ALDERMAN JONATHAN GRIFFITH, INDIVIDUALLY; AND ALDERWOMAN AUDREY DAVIS, INDIVIDUALLY**

86. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 85 above as if fully incorporated herein.

87. Individual Defendants', Mayor Rogers, Alderwoman Speights, Alderman Buckley, Alderwoman Crittenden, Alderman Griffith, and Alderwoman Davis, tortiously interfered in Plaintiff's employment relationship with Defendant, City of Lumberton, Mississippi.

88. Plaintiff has suffered damages as a result of Individual Defendants' Mayor Rogers, Alderwoman Speights, Alderman Buckley, Alderwoman Crittenden, Alderman Griffith, and Alderwoman Davis' actions.

89. As such, Plaintiff is seeking an award of compensatory damages in an amount to be determined by the jury to fully compensate him for Individual Defendants'

Mayor Rogers, Alderwoman Speights, Alderman Buckley, Alderwoman Crittenden, Alderman Griffith, and Alderwoman Davis's actions in tortiously interfering with his employment relationship.

90. In addition, Individual Defendants' Mayor Rogers, Alderwoman Speights, Alderman Buckley, Alderwoman Crittenden, Alderman Griffith, and Alderwoman Davis's actions were done maliciously with the intent to cause Plaintiff injury.

91. As such, Plaintiff is entitled to an award of punitive damages against Individual Defendants' Mayor Rogers, Alderwoman Speights, Alderman Buckley, Alderwoman Crittenden, Alderman Griffith, and Alderwoman Davis, in amount to be determined by the jury.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages and reinstatement to the position of Chief of Police; or
2. Future wages in lieu of reinstatement; and
3. Compensatory damages;
4. Punitive damages;
5. Pre-judgment and post-judgment interest;
6. Lost benefits;
7. Attorney's fees;
8. Costs and expenses; and
9. Such further relief as is deemed just and proper.

THIS the 26th day of June 2019.

Respectfully submitted,

CARLUS PAGE, Plaintiff

By: /s/ Louis H. Watson, Jr.

Louis H. Watson, Jr. (MB# 9053)
Nick Norris (MB# 101574)
Attorneys for Plaintiff


OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS 39216
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com.com
Web: www.watsonnorris.com